NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SUSAN MARIE MAMOLEN, *Petitioner/Appellee,*

*v.*

MARCUS PAUL MAMOLEN, *Respondent/Appellant.*

No. 1 CA-CV 24-0149 FC

FILED 05-08-2025

Appeal from the Superior Court in Maricopa County
No. FC2022-001019
The Honorable James N. Drake, Judge

**DISMISSED**

COUNSEL

The Cavanagh Law Firm, PA, Phoenix
By Christina S. Hamilton, Daniel P. Beeks
*Counsel for Plaintiff/Appellee*

Jaburg & Wilk, PC, Phoenix
By Kathi M. Sandweiss
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

---

**W E I N Z W E I G**, Judge:

¶1        Marcus Mamolen ("Husband") appeals the superior court's order denying reconsideration of an earlier denial of Rule 85 relief. We conclude that we lack appellate jurisdiction and dismiss this appeal.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Susan Mamolen ("Wife") petitioned to divorce Husband. Husband failed to appear, so the court entered a default decree. Based on valuations offered by Wife and her expert, the court valued the marital estate at $35 million and awarded half to each spouse.

¶3        Husband moved to set aside the default decree, arguing he had not been properly served and the resulting default decree overvalued the marital estate. The court denied his motion, finding he had been properly served and failed to demonstrate how the valuation was incorrect. Husband did not appeal that ruling.

¶4        Husband paid Wife about $9.1 million of the $17.5 million owed to her. Because Husband did not pay the full amount, Wife petitioned the court to find him in contempt and enter judgment against him for the unpaid amount. At the contempt hearing, Husband claimed he could not pay because the marital estate was overvalued.

¶5        The superior court requested briefing on whether it had authority under Rule 85(b)(6), Ariz. R. Fam. Law P., to reconsider its earlier denial of Husband's motion to set aside the default decree. In his brief, Husband again urged the court to set aside the default decree because of Wife's alleged overvaluation. He also offered nearly 300 pages of new exhibits, including an expert report. We treat Husband's brief to the superior court as a motion for reconsideration.

¶6        The court refused to reconsider its denial of Husband's motion to set aside, finding that Husband failed to prove the decree was

inequitable, and granting Wife judgment for $8,387,930. Husband timely appealed.

## DISCUSSION

### I.    Appellate Jurisdiction.

**¶7**        Our jurisdiction is limited to that specifically provided by statute, *Brionna J. v. Dep't of Child Safety*, 247 Ariz. 346, 349, ¶ 7 (App. 2019), and "[w]e have an independent duty to determine whether we have jurisdiction over an appeal," *Desert Palm Surgical Grp. v. Petta*, 236 Ariz. 568, 576, ¶ 15 (App. 2015).

**¶8**        Husband argues the superior court's denial of his motion for reconsideration is an appealable final judgment, but the court entered the final judgment when it denied Husband's motion to set aside the default decree in January 2023. Husband never appealed that order, so we lack jurisdiction. A "special order made after final judgment" is appealable only if "the issues raised by the appeal from the order [are] different from those that would arise from an appeal from the underlying judgment." *Arvizu v. Fernandez*, 183 Ariz. 224, 226 (App. 1995). Husband raises no different issues here.

**¶9**        Huband contends he presented new evidence, so he raised different issues, but Husband's new evidence addressed same issue—whether the marital estate was overvalued. We have no jurisdiction.

### II.    Special Action Jurisdiction.

**¶10**       We may still accept special action jurisdiction under Rule 11(e) of the Rules of Procedure for Special Actions if "consistent with Rule 12." Ariz. R.P. Spec. Act. 11(e). Rule 12 emphasizes the key consideration for special action review is whether an equally plain, speedy and adequate remedy by appeal exists. *See* Ariz. R.P. Spec. Act. 12(a). Rule 12 also lists non-exclusive factors that favor accepting or declining jurisdiction. Ariz. R.P. Spec. Act. 12(b)–(c).

**¶11**       We decline special action jurisdiction. Husband had an equally plain, speedy and adequate remedy—namely, he could have appealed the denial of his motion to set aside the default decree. He never did. And all Rule 12 factors weigh against accepting special action jurisdiction. Ariz. R.P. Spec. Act. 12(b)–(c).

**CONCLUSION**

**¶12**      We lack appellate jurisdiction, decline special action jurisdiction and thus dismiss this appeal.

**¶13**      Both parties request their attorney fees and costs incurred on appeal under A.R.S. § 25-324(A), which requires us to consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Having considered these factors, we exercise our discretion to award Wife her reasonable attorney fees and taxable costs incurred on appeal upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

4